IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | 4:18-cr-00043-1 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| JEFFREY W. VOORHEES, | * | ORDER |
| | * | |
| Defendant. | * | |

Before the Court is Defendant Jeffrey W. Voorhees's third pro se Motion for Early Termination of Supervised Release, filed on May 8, 2023. ECF No. 136. In his Motion, Defendant states he has completed over two years of supervised release without incident and requests early termination of his supervision. *Id.* ¶ 4. Defendant would like to be released from supervision early because of a recent fall in June 2022 that has impacted his memory and overall health. *Id.* ¶ 6. He also states that he is seventy-eight years old and would like to spend more time with his friends and family. *Id.* Specifically, if granted early termination, Defendant would like to be able to take out-of-state trips to visit his family members. *Id.* According to Defendant, he is no longer a danger to the community or a recidivism risk. *Id.* ¶ 8. Defendant submits several letters in support of his Motion. ECF No. 136-1. The Government has filed a response opposing Defendant's request. ECF No. 137. The matter is fully submitted.

On June 19, 2019, the Court sentenced Defendant to a term of imprisonment of twenty-four months, to be followed by a sixty-month term of supervised release, after he pleaded guilty to one count of Wire Fraud Affecting a Financial Institution, in violation of 18 U.S.C. § 1343. ECF No. 96. Defendant completed his sentence of imprisonment while on home confinement from June 3, 2020, through April 2, 2021. ECF No. 122. On April 2, 2021, Defendant was

released from home confinement and began serving his term of supervised release. ECF Nos. 122, 124 ¶ 2. In December 2021, Defendant filed his first pro se Motion for Early Termination of Supervised Release and it was denied. ECF Nos. 122, 125. Defendant filed a second Pro Se Motion for Early Termination of Supervised Release, and it was denied on May 12, 2022. ECF Nos. 129, 131.

The U.S. Probation Office (USPO) has notified the Court that it recommends early termination of supervised release given Defendant's compliance with the terms and conditions of his supervision. Defendant has paid his court fine plus restitution in full. He has demonstrated a positive attitude towards supervision and worked closely with the USPO on maintaining the beneficial changes made since the onset of his supervised release term. He has maintained sobriety and there are no substance abuse or mental health concerns at this time. Defendant exhibits minimal active criminal thinking styles with no indication of a predominate criminal thinking style. His current Post-Conviction Risk Assessment level is low. Defendant has family and community support. According to the USPO, there are limited services it can further provide Defendant.

Title 18, section 3583(e)(1) of the U.S. Code provides a court may, in its discretion, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Here, Defendant has served more than one year of his term of supervised release. The Court thus has discretion to decide if Defendant's conduct warrants early termination of supervision, if it is in the best interest of justice.

A term of supervised release is an important part of Defendant's sentence, as are the mandatory and special conditions imposed. "Congress intended supervised release to assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000). "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id.* It also serves the purpose of protecting the community. U.S. Sent'g Guidelines Manual § 5D1.1 app. n.3(A)(ii) (U.S. Sent'g Comm'n 2021) [hereinafter U.S.S.G.]. In this case, Defendant has completed twenty-five months of a sixty-month term of supervision. Defendant's original sixty-month term of supervision reflected the seriousness of his conduct in taking funding from low-income public-housing tenants and taxpayers in the course of a fraud-scheme against the United States Department of Agriculture. *See, e.g.*, ECF No. 89 at 7–8; *see* U.S.S.G. § 5D1.1 app. n.3(A)(i) (instructing courts to consider the nature and circumstances of the offense in determining whether to impose a term of supervised release). The Court carefully weighed the § 3553(a) factors at sentencing to determine the appropriate length of Defendant's supervision term and ensure that it was "sufficient, but not greater than necessary." § 3553(a).

Today, however, Defendant provides the Court with new information. He has provided the Court with several letters of support and a letter to the Court expressing his regret for causing "harm to people and organizations needing financial support." ECF No. 136-1 at 1. He also reports having difficulty with "memory and word recall" since he fell and hit his head in June 2022, and he desires to spend quality time with his family. *Id.* Notably, Defendant submits a letter of support from an individual who has served as a prison warden for nearly twenty-seven years at three different prisons in Iowa. *See id.* at 2. This letter of support is compelling and details Defendant's community involvement, nonthreatening demeanor, respect for supervised release, and his capacity for leadership in his community—which has been recently impacted

3

negatively by his declining health.  *Id.*  Defendant's children have also submitted letters of support detailing their desire for their father to be released from supervision so that he will be able to spend more meaningful time with his family.  *Id.* at 3–5.

The new reasons provided to the Court for early termination of Defendant's supervision alter the Court's prior determination that early termination of Defendant's supervised release was not in the best interest of justice.  *See* § 3583(e)(1).  Defendant's age, declining health, rehabilitation, and the USPO's belief that it has nothing further to offer Defendant given his success on supervision, weighs heavily in favor of early termination.  The Court determines any additional time served on supervision would therefore be greater than necessary.  *See* § 3553(a).  In conclusion, early termination of Defendant's supervised release is in the best interest of justice.  *See* § 3583(e)(1).

Accordingly, Defendant's Motion (ECF No. 136) is GRANTED.

IT IS SO ORDERED.

Dated this 30th day of May, 2023.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT